UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO

MADONNA BARNETT,

    Plaintiff,

v.

AMERICAN RIVER TRANSPORTATION
COMPANY and JEFFREY KELLER, jointly
& severally,

    Defendant.
_____/

Case No.: 1:25-cv-2201

Judge:

Magistrate

# COMPLAINT

**NOW COMES** Plaintiff, Madonna Barnett, by and through counsel undersigned, O'Bryan Baun Karamanian, complaining against Defendant as follows:

1. Jurisdiction and venue personally lie in this district where Defendants regularly conduct business: Defendant American River Transportation Company (ARTCO) is registered to do business *vis a vis* a registered agent in Chicago, Plaintiff is a citizen of Illinois, and Co-Defendant Keller regularly transits Illinois waters.

2. Federal question jurisdiction is founded under the Jones Act (46 USCA 30104) for negligence, and under general maritime law for unseaworthiness, maintenance, cure, negligence, assault, battery, and intentional infliction of emotional distress.

3. At all times material to issues herein, Plaintiff served as an employee of Defendant ARTCO as a crewmember aboard its vessel the M/V Sally Archer, upon which Keller served as captain, with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of her ship.

4. During the hitch between September 26 and October 25, 2024, while in the service of the M/V Sally Archer as a cook, Plaintiff was subject to outrageous, foreseeable by Co-Defendant, misconduct by unfit master Keller, same being occasioned by him in furtherance of Co-Defendant's business, placing Plaintiff in the zone of danger, inclusive of the following:

    a. While scrutinizing her grocery order, Captain Keller stated something to the effect of, (i) get me a knife so I can stab this bitch, and (ii) if she ordered another potato, he would shove it up her ass, placing Plaintiff in fear of her safety and wellbeing,

    b. Attempting to enter her sleeping quarters in the middle of the night, two or more times, uninvited, placing her in fear of being sexually assaulted,

    c. In expressing his discontent with her slop bucket because a paper towel was in it, Keller tried to physically force her head into it, and

    d. In enforcement of ARTCO's cell phone policy, Keller would forcibly remove Plaintiff's cell phone from her person.

Said misconduct constituting negligence, unseaworthiness, negligence, intentional infliction of emotional distress, assault, battery, and/or sexual harassment.

5. The aforesaid transgressions were part of an ongoing campaign by Keller to humiliate and degrade Plaintiff by employing the following additional tactics, complimenting ARTCO's utter failure to provide a safe place to work:

    a. Keller would repeatedly, on a daily basis, ask Plaintiff if she was on drugs, without any evidence thereof,

    b. When upset with Plaintiff, Keller would make her attend daily huddles with the crew, ordinarily not a cook requirement,

    c. Upset with Plaintiff not purportedly thawing meat in the right pan, he woke her up during her off-time rest period, ordered her to get dressed and come to the galley where he proceeded to berate her,

    d. Keller ordered Plaintiff to read handbook rules out loud to the crew in the wheelhouse during what would otherwise be her rest time,

      e.      Keller would order Plaintiff then and there to clean up after him when he was done eating, which is something she would do without being told,

      f.      Keller would obnoxiously snap his fingers and order Plaintiff to make him coffee, and

      g.      Keller would sequester himself in what he thought were clandestine locations on the vessel and leer at Plaintiff, scaring the --- out of her.

6.      Keller is personally liable for his aforesaid assaultive behavior.

7.      Defendants' tortious acts aforesaid caused or contributed to Plaintiff's damages, *inter alia*, as follows:

      a.      Pain and suffering, past and future.

      b.      Mortification, humiliation, fright, shock, and embarrassment.

      c.      Loss of earnings and earning capacity.

      d.      Hospital, pharmaceutical, and other cure expenses.

      e.      Aggravation of prior conditions, if there are any.

      f.      Inability to engage in social, recreational, and other pursuits previously enjoyed.

      g.      Mental anguish.

      h.      Found.

      i.      Maintenance, cure, and/or attorney fees.

      j.      Punitive damages.

**WHEREFORE,** Plaintiff demands trial by jury and judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

Respectfully submitted,

O'Bryan Baun Karamanian

/s/ Dennis M. O'Bryan
Dennis M. O'Bryan
Aurora G. O'Bryan (6346050)
Attorneys for Plaintiff
40l S. Old Woodward, Suite 463
Birmingham, MI 48009
248.258.6262, 248.258.6047 - fax
dob@obryanlaw.net
aob@obryanlaw.net

and

Burke, Warren, MacKay & Serritella, P.C.

/s/ Frederic Mendelsohn
Frederic Mendelsohn, (6193281)
Local Counsel for Plaintiff
330 N. Wabash Ave., 21st Floor
Chicago, IL 60611-3607
312.840.7004, 312.840.7900 - fax
fmendelsohn@burkelaw.com

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO

MADONNA BARNETT,

    Plaintiff,

v.

AMERICAN RIVER TRANSPORTATION
COMPANY and JEFFREY KELLER, jointly
& severally,

    Defendant.
_____/

Case No.:

Judge:

Magistrate

## **DEMAND FOR TRIAL BY JURY**

    **NOW COMES** Plaintiff, Madonna Barnett, by and through counsel undersigned, O'Bryan Baun Karamanian, and hereby demands trial by jury in the above-referenced cause of action.

    Respectfully submitted,

    O'Bryan Baun Karamanian

    */s/ Dennis M. O'Bryan*
    Dennis M. O'Bryan
    Aurora G. O'Bryan (6346050)
    Attorneys for Plaintiff
    40l S. Old Woodward, Suite 463
    Birmingham, MI  48009
    248.258.6262, 248.258.6047 - fax
    dob@obryanlaw.net
    aob@obryanlaw.net

    and

    Burke, Warren, MacKay & Serritella, P.C.

    */s/ Frederic Mendelsohn*
    Frederic Mendelsohn, (6193281)
    Local Counsel for Plaintiff
    330 N. Wabash Ave., 21st Floor
    Chicago, IL 60611-3607
    312.840.7004, 312.840.7900 - fax
    fmendelsohn@burkelaw.com