UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO

MADONNA BARNETT,

    Plaintiff,

v.

AMERICAN RIVER TRANSPORTATION
COMPANY and JEFFREY KELLER, jointly
& severally,

    Defendant.
_____/

Case No.: 1:25-cv-02201

Honorable Matthew F. Kennelly

## SECOND AMENDED COMPLAINT

**NOW COMES** Plaintiff, Madonna Barnett, by and through counsel undersigned, O'Bryan Baun Karamanian, complaining against Defendants as follows:

1. Jurisdiction and venue personally lie in this district where Defendants regularly conduct business: Defendant American River Transportation Company (ARTCO) is registered to do business *vis a vis* a registered agent in Chicago, Plaintiff is a citizen of Illinois, and Co-Defendant Keller regularly transits Illinois waters.

2. Federal question jurisdiction is founded under the Jones Act (46 USCA 30104) for negligence and negligent and/or intentional infliction of emotional distress, and under general maritime law for unseaworthiness, negligence, assault, battery, and negligent and/or intentional infliction of emotional distress.

3. At all times material to issues herein, Plaintiff served as an employee of Defendant ARTCO as a crewmember aboard its vessel, the M/V Sally Archer, upon which Defendant Keller served as captain, with all acts and/or omissions giving rise to this action occurring in the course of Plaintiff's employment in the service of her ship.

4. During the hitch between September 26 and October 25, 2024, while Plaintiff was in the service of the M/V Sally Archer as a cook, Defendant Keller mounted an outrageous, fearsome, and degrading campaign against Plaintiff including, but not limited to, the following reprehensible conduct in order to break Plaintiff down:

    a. While scrutinizing her grocery order, Captain Keller stated something to the effect of, (i) get me a knife so I can stab this bitch, and (ii) if she ordered another potato, he would shove it up her ass, placing Plaintiff in fear of her safety and wellbeing,

    b. In enforcement of ARTCO's cell phone policy, Defendant Keller forcibly removed Plaintiff's cell phone from her person.

    c. Keller would repeatedly, on a daily basis, ask Plaintiff if she was on drugs, without any evidence thereof,

    d. When upset with Plaintiff, Keller would make her attend daily huddles with the crew, ordinarily not a cook requirement,

    e. Upset with Plaintiff not purportedly thawing meat in the right pan, he woke her up during her off-time rest period, ordered her to get dressed and come to the galley where he proceeded to berate her,

    f. Keller ordered Plaintiff to read handbook rules out loud to the crew in the wheelhouse during what would otherwise be her rest time,

    g. Keller would order Plaintiff then and there to clean up after him when he was done eating, which is something she would do without being told,

    h. Keller would obnoxiously snap his fingers and order Plaintiff to make him coffee when he wanted it, and

    i. Keller would sequester himself in what he thought were clandestine locations on the vessel and leer at Plaintiff, scaring the --- out of her.

5. On one tortious occasion, when Defendant Keller noticed a paper towel in the kitchen slop bucket, in enforcement of the rule that nonfood products were not to be placed in the kitchen slop bucket, he reacted violently. Defendant Keller made physical contact with Plaintiff placing her in physical harm, i.e., the "zone of danger", when he seized Plaintiff's arm, shoved his

2

other hand into her back, and dragged her across the galley while she screamed for help and tried to break free. Defendant Keller yelled, "I'm the Captain and you'll do what I say and make sure nothing is thrown in the slop bucket", as though proclaiming a business objective in furtherance of ARTCO's business somehow legitimized his brutalizing reprimand. Upon reaching the said slop bucket, he let go of her back, kept hold of her arm, grabbed the back of her head, and forcibly plunged her face into the bucket. While Plaintiff was still screaming and trying to break free, Defendant Keller released her arm, and the recoil sent Plaintiff crashing into the cooler doors behind her.

6. The ordeal left Plaintiff with bruises across her body. Throughout the assault, Plaintiff was terrified and in fear of additional physical harm, which caused or contributed to injury including, but not limited to the following physical manifestations of emotional injury: depression, insomnia, vomiting, diarrhea, nausea, weight loss, difficulty focusing, nervousness, anxiety, crying fits, and dependance on medications to treat insomnia, anxiety, PTSD, and depression.

7. The aforesaid slop bucket incident constitutes extreme and outrageous misconduct and/or negligent/assaultive misconduct by Defendant Keller, in enforcement of the vessel's slop bucket rule (no nonfood products in the slop bucket).

8. Defendant Keller's brutalizing reprimand of Plaintiff in enforcement of the slop bucket rule, in and of itself, caused physical/emotional injury to Plaintiff with the resulting physical manifestations of emotional injuries described in No. 6.

9. Defendant Keller's actions during the aforesaid slop bucket incident were outside the usual and customary standards of a captain's calling, thus making the vessel unseaworthy.

10. Following the aforesaid slop bucket incident, where Plaintiff was put on notice of Defendant Keller's harassment turning physically violent, Defendant Keller, who had access keys

to all quarters, on two occasions attempted admission into Plaintiff's quarters at night, negligently and/or intentionally inflicting emotional distress thereby because of her finding herself again in a zone of danger in fear of immediate further physical harm, thus compounding physical manifestations of emotional injuries described in No. 6 above.

11. Defendant Keller is personally liable for the aforesaid assault and battery during the aforesaid slop bucket incident and for intentionally and/or negligently inflicting emotional distress because of aforesaid attempted room break ins, thus compounding the physical manifestations of the emotional injury described in No. 6 above.

12. Defendants' tortious acts aforesaid caused or contributed to Plaintiff's damages, *inter alia*, as follows:

 a. Pain and suffering, past and future,

 b. Mortification, humiliation, fright, shock, and embarrassment,

 c. Loss of earnings and earning capacity,

 d. Counseling, pharmaceutical, and other cure expenses,

 e. Emotional disability,

 f. Impairment,

 g. Inconvenience in the normal pursuits of life,

 h. Feelings of economic uncertainty caused by disability,

 i. Loss of enjoyment in life,

 j. Aggravation of prior conditions, if there are any,

 k. Inability to engage in social, recreational, and other pursuits previously enjoyed,

 l. Loss of household services,

 m. Mental anguish,

      n.      Found,

      o.      Maintenance, cure, and/or attorney fees, and

      p.      Punitive damages vs Defendant Keller.

**WHEREFORE,** Plaintiff demands trial by jury and judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

Respectfully submitted,

O'Bryan Baun Karamanian

/s/ Dennis M. O'Bryan
Dennis M. O'Bryan
Aurora G. O'Bryan (6346050)
Attorneys for Plaintiff
40l S. Old Woodward, Suite 463
Birmingham, MI 48009
248.258.6262, 248.258.6047 - fax
dob@obryanlaw.net
aob@obryanlaw.net

and

Burke, Warren, MacKay & Serritella, P.C.

/s/ Frederic Mendelsohn
Frederic Mendelsohn, (6193281)
Local Counsel for Plaintiff
330 N. Wabash Ave., 21st Floor
Chicago, IL 60611-3607
312.840.7004, 312.840.7900 - fax
fmendelsohn@burkelaw.com

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO

MADONNA BARNETT,

    Plaintiff,

v.

AMERICAN RIVER TRANSPORTATION
COMPANY and JEFFREY KELLER, jointly
& severally,

    Defendant.
_____/

Case No.: 1:25-cv-02201

Honorable Matthew F. Kennelly

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, Madonna Barnett, by and through counsel undersigned, O'Bryan Baun Karamanian, and hereby demands trial by jury in the above-referenced cause of action.

    Respectfully submitted,

    O'Bryan Baun Karamanian

    */s/ Dennis M. O'Bryan*
    Dennis M. O'Bryan
    Aurora G. O'Bryan (6346050)
    Attorneys for Plaintiff
    401 S. Old Woodward, Suite 463
    Birmingham, MI 48009
    248.258.6262, 248.258.6047 - fax
    dob@obryanlaw.net
    aob@obryanlaw.net

    and

    Burke, Warren, MacKay & Serritella, P.C.

    */s/ Frederic Mendelsohn*
    Frederic Mendelsohn, (6193281)
    Local Counsel for Plaintiff
    330 N. Wabash Ave., 21st Floor
    Chicago, IL 60611-3607
    312.840.7004, 312.840.7900 - fax
    fmendelsohn@burkelaw.com